THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL KEVIN HANSEN, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER DENYING [69] MOTION FOR COMPASSIONATE RELEASE** <br><br> Case No. 1:03-cr-00080-DBB <br><br> District Judge David Barlow |

Petitioner Michael Kevin Hansen brings a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] Because Petitioner has not established "extraordinary and compelling reasons" that warrant sentence reduction, Petitioner's motion is DENIED.

## BACKGROUND

In 2005, Petitioner was sentenced to a mandatory minimum 240-month sentence for distribution of methamphetamine.[2] He has served most of his sentence and now brings an action for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[3]

## STANDARD

The district court may only grant a motion under 18 U.S.C. § 3582(c)(1)(A) if three requirements are met. First, the district court must find that extraordinary and compelling reasons

---

[1] Motion For Compassionate Release, ECF. No. 69.
[2] Judgment as to Michael Kevin Hansen, ECF No. 56 at 1.
[3] ECF No. 69 at 5.

warrant the sentence reduction.[4] Second, the district court must find that such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission.[5] And finally,

the district court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are

applicable.[6] "[D]istrict courts may deny compassionate-release motions when any of the three

prerequisites . . . is lacking and do not need to address the others."[7]

**DISCUSSION**

I.  **Petitioner has not shown that there are "extraordinary and compelling reasons" that warrant release.**

To obtain a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a petitioner must show

that there are "extraordinary and compelling reasons that warrant such a reduction."[8] "[D]istrict

courts, in applying [this test], have the authority to determine for themselves what constitutes

'extraordinary and compelling reasons.'"[9] That authority is circumscribed by the second part of

the test for sentence reduction—that the reduction is consistent with applicable policy statements

issued by the sentencing commission.

The statute does not define the phrase "extraordinary and compelling reasons." The Tenth

Circuit has held that the United States Sentencing Commission ("USSC") definition of the

phrase is not binding in cases in which a prisoner initiates a motion for compassionate release.[10]

Still, the court considers that the USSC definition provides helpful guidance in determining

---

[4] *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[5] *Id.*

[6] *Id.*

[7] *Id.* at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

[8] 18 U.S.C. § 3582(c)(1)(A)(i).

[9] *McGee*, 992 F.3d at 1045.

[10] *United States v. Maumau*, 993 F.3d 821, 836 (10th Cir. 2021).

2

whether Petitioner's circumstances warrant relief.[11] The USSC policy statement provides that

"extraordinary and compelling reasons" exist for a medical condition when the defendant is

"suffering from a terminal illness;" "suffering from a serious physical or medical condition,"

"suffering from a serious functional or cognitive impairment," or "experiencing deteriorating

physical or mental health because of the aging process" that "substantially diminishes the ability

of the defendant to provide self-care within the environment of a correctional facility and from

which he or she is not expected to recover."[12] The policy statement also explains that

"extraordinary and compelling reasons" exist due to age if "the defendant (i) is at least 65 years

old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging

process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment."[13]

Finally, the policy statement explains that "extraordinary and compelling reasons" can exist for

family circumstances in the case of "[t]he death or incapacitation of the caregiver of the

defendant's minor child" or "[t]he incapacitation of the defendant's spouse or registered partner

when the defendant would be the only available caregiver for the spouse or registered partner."[14]

While this court is not bound by these definitions, it considers them in evaluating Petitioner's

arguments.

Petitioner makes three arguments as to why his circumstances constitute extraordinary

and compelling reasons to justify a sentence reduction. First, Petitioner argues that he would

---

[11] *See United States v. Deucher*, No. 2:16-cr-00189-DN, 2021 WL 1264566, at *2 (D. Utah 2021); *United States v. Carr*, 851 F. App'x 848, 854 (10th Cir. 2021) (unpublished) ("it was within the district court's discretion to conclude the application notes to USSG § 1B1.13 still provided the best definition and description of "extraordinary and compelling reasons" under the circumstances of Ms. Carr's case. . . .").
[12] U.S.S.G. § 1B1.13 cmt. n. 1(A)(i)–(ii).
[13] *Id.* § 1B1.13 cmt. n. 1(B).
[14] *Id.* § 1B1.13 cmt. n. 1(C)(i)–(ii).

have received a substantially lower sentence if sentenced today.[15] Second, Petitioner argues that

his "compromised family history, his history of substance abuse, his extreme hardship while

incarcerated, and his current family needs are all mitigating factors that weigh in favor of

granting compassionate release."[16] Finally, Petitioner argues that he is severely susceptible to

contracting and dying from COVID-19.[17] The court examines these arguments in turn.

First, Petitioner points to his 240-month sentence and contends that a sentence reduction

is justified because, if sentenced today, he would not be subject to the same mandatory

minimums and could likely receive a shorter sentence.[18] The Tenth Circuit has recognized that

the mere fact that a defendant is serving a pre-First Step Act mandatory minimum sentence

"cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A)(i)."[19]

Instead, only "the combination of such a sentence and a defendant's unique circumstances" can

constitute "extraordinary and compelling reasons."[20] Accordingly, Petitioner's 240-month

mandatory minimum sentence alone is not an extraordinary and compelling reason to justify

sentence reduction.

Next, Petitioner outlines a variety of factors that he argues favor sentence reduction,

including his "compromised family history, his history of substance abuse, his extreme hardship

while incarcerated, and his current family needs. . . ."[21] Petitioner hopes to spend time with his

90-year-old stepfather and his son who he reports suffers from mental disabilities.[22] He contends

---

[15] ECF No. 69 at 5.
[16] *Id.* at 9.
[17] *Id.* at 12.
[18] *Id.* at 5.
[19] *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021).
[20] *Id.*
[21] ECF No. 69 at 9.
[22] *Id.*

that his son's mother is a drug addict and his stepfather's health is deteriorating—he wishes to

assist in caring for his son and stepfather.[23] These desires are admirable, but the circumstances

are not sufficiently unusual to constitute extraordinary and compelling reasons for sentence

reduction. The USSC policy statement provides guidance that extraordinary and compelling

reasons could be found where the caregiver of the defendant's minor child is dead or

incapacitated.[24] But Petitioner does not contend that the caregiver of his son, who apparently is

Petitioner's sister,[25] is incapacitated, only that his son's mother is a drug addict. And the age or

health of a stepparent is not sufficient, standing alone, to constitute extraordinary and compelling

reasons for a sentence reduction because many inmates have aged or ailing parents. Petitioner

has not made a showing that his son's caregiver is incapacitated or that, independent of the

policy statement, there are other unique circumstances that rise to the level of extraordinary and

compelling reasons to justify sentence reduction.

Finally, Petitioner argues that his medical circumstances support a sentence reduction.[26]

Petitioner points to his medical history and argues that he is severely susceptible to contracting

COVID-19, and that the Bureau of Prisons is not sufficiently preventing transmission of the

virus.[27] Petitioner outlines his medical problems, including hepatitis C, seizure medication,

collapsed arches, extreme swelling of both legs, and poor blood circulation.[28] None of these

conditions rise to the level of a "terminal illness" or a "serious physical or medical condition . . .

[23] *Id.* at 5, 9.
[24] U.S.S.G. § 1B1.13 cmt. n. 1(C)(i)–(ii).
[25] ECF No. 71-2 at 13.
[26] ECF No. 69 at 12.
[27] *Id.* at 12–14.
[28] *Id.* at 12.

that substantially diminishes the ability of the defendant to provide self-care."[29] Nor is the court

aware that these conditions substantially increase his COVID-19 risk. The risk of COVID-19

transmission is not unique to Petitioner. Furthermore, the Petitioner received his COVID-19

vaccination in March 2021.[30] Petitioner's medical circumstances do not constitute "extraordinary

and compelling reasons" for a sentence reduction under the USSC policy statement and,

independent of that statement, are not otherwise unique circumstances that would justify a

sentence reduction.

While not relevant to the "extraordinary and compelling circumstances" inquiry, the court

notes that Petitioner repeatedly states that he has never been convicted of a violent crime,

apparently to suggest that he poses no safety risk to the community.[31] While Petitioner was not

convicted of a violent crime, he was in possession of a loaded gun when he was arrested for one

offense and a double-edged knife when he was arrested on another occasion.[32] Accordingly,

defendant's argument regarding safety is not well-taken.

## ORDER

Petitioner has been incarcerated for many years and understandably wishes to be released

early. But because Petitioner has not established "extraordinary and compelling reasons" that

warrant sentence reduction, Petitioner's motion to for compassionate release must be DENIED.

Signed September 9, 2021.

BY THE COURT

---

[29] U.S.S.G. § 1B1.13 cmt. n. 1(A)(i)–(ii).
[30] United States' Opposition to Defendant's Motion for Compassionate Release, ECF No. 70 at 3.
[31] ECF No. 69 at 4.
[32] ECF No. 71-2 at 8.

David Barlow
United States District Judge

7